to his copartner. 15 Ves. 226; 1 Anst. 94; 2 Brown, Ch. 656; 1 Johns. Ch. 38, 165; 2 Johns. Ch. 117; 3 Johns. Ch. 433. All allowances that have been brought into the accounts on either side, for the personal services of either partner, must be stricken out.

The question with respect to costs is not free from difficulty. It is a well-settled rule that costs in chancery rest in the sound discretion of the court under the circumstances of the case, and are not governed by the statutes of costs applicable to common law proceedings. 11 Ves. 458; 1 Johns. Ch. 77, 89, 182. The due exercise of this discretion is often attended with difficulty, particularly when the proceedings have been so various and protracted as in the present case. Justice may require some special order with respect to the costs; and to enable the court to exercise their discretion, with a due regard to justice and equity, it is deemed advisable that a bill of the costs and expenses on each side should be made out and presented to the court, before a final disposition with respect to the cost is made. In relation to the depositions introduced at the last term, with respect to some transactions of Lewis Lyman in the receipt of moneys, and the payment of certain debts in Boston, the court has had considerable difficulty. The testimony is somewhat contradictory, and too obscure to enable the court to come to any satisfactory conclusion respecting it. And considering the great delay in not bringing it forward at an earlier stage of the controversy, we think proper to lay it entirely out of view in closing this transaction.

The cause must now be referred to a commissioner, barely to restate the accounts between the parties, correcting the same in the particulars mentioned in this opinion; and a final decree entered thereupon, except as to the costs, with respect to which the final decree is reserved until the coming in of the accounts of the respective parties, required to be made out and submitted to the court; upon the coming in of which a final decree respecting the costs will be entered as of the last term.

## Case No. 8,629.

### LYMAN v. MYERS.

[Cited sub nom. Lyman Ventilating & Railroad Co. v. Myres. in Lyman Ventilating & Refrigerator Co. v. Lalor, Case No. 8,632. Nowhere reported; opinion not now accessible.]

## Case No. 8,629a.

### LYMAN v. NEVINS.

[Nowhere reported; opinion not now accessible.]

LYMAN (PARSONS v.). See Cases Nos. 10,-779 and 10,780.

LYMAN (UNITED STATES v.). See Case No. 15,647.

## Case No. 8,630.

### LYMAN PATENT REFRIGERATOR CO. v. OSWALD.

[Cited in Lyman Ventilating & Refrigerator Co. v. Lalor. Case No. 8,632. Nowhere reported; opinion not now accessible.]

## Case No. 8,631.

### LYMAN VENTILATING & REFRIGERATOR CO. v. CHAMBERLAIN et al.

[2 Ban. & A. 433; [1] 10 O. G. 588; Merw. Pat. Inv. 141.]

Circuit Court, D. Massachusetts. Sept. 23, 1876.

PATENT—COOLING AND VENTILATING ROOMS — INVENTION—COMPLETENESS—DESCRIPTION —CONSTRUCTION.

1. The construction of the reissued letters patent granted March 10, 1874, to Stephen Cutter. assignee of Azel S. Lyman, No. 5,786, for an improvement in methods of cooling and ventilating rooms given by the circuit court of the United States in the Southern district of New York. in Lyman Ventilating & Refrigerator Co. v. Lalor [Case No. 8,632], adopted and followed.

2. Although the description may be so full and precise in the application for a patent as to enable one skilled in the art to which it appertains to construct what it describes, it does not attain the proportions or the character of a complete invention, until it is embodied in a form capable of useful operation.

3. Upon the construction given by the court to the Lyman patent: *Held*, that the invention claimed to have been infringed was anticipated, and that the patentee was not the original and first inventor thereof.

[This was a bill in equity filed by the Lyman Ventilating & Refrigerator Company to restrain the defendants Newell Chamberlain and others from the infringement of a reissued patent. The original letters patent were granted to Azel S. Lyman March 25. 1856. No. 14,510.]

Brown & Holmes, Whitney & Betts, and E. J. Cramer, for complainants.

Proctor, Warren & Brigham and Dickerson & Beaman, for defendants.

SHEPLEY, Circuit Judge. The reissued letters patent granted March 10, 1874, to Stephen Cutter, assignee of Azel S. Lyman. No. 5,786, for an improvement in methods of cooling and ventilating rooms, have repeatedly been the subject of litigation, and the claims of the patent have repeatedly been the subject of judicial construction. In the suit of these same complainants against William Lalor. in the Southern district of New York, Judge Blatchford delivered an elaborate opinion, giving the construction of the most important claims in the reissued patent. [Case No. 8,632.] This opinion, which was delivered September 10, 1874, was upon a motion for preliminary injunction. The same construction which was

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]